NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br> v. <br><br> CARLOS MANUEL DIAZ, <br><br> Defendant-Appellant. | No. 11-10127 <br><br> D.C. No. 4:09-cr-284-TUC-RCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 7, 2013[**]
San Francisco, California

Before: N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District Judge.[***]

Carlos Manuel Diaz appeals his convictions for conspiracy to possess with

intent to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

841(a)(1) and (b)(1)(A)(vii), and using, carrying, and possessing firearms in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Diaz argues that his convictions must be reversed because the government's evidence was insufficient to permit the jury to conclude that he was not entrapped and because the district court should have found sentencing entrapment as a matter of law and dismissed the weight allegation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In reviewing the denial of a Rule 29 motion for judgment of acquittal based on the defense of entrapment, we ask whether "no reasonable jury could have concluded that the defendant was neither induced nor predisposed to commit the charged offenses." *United States v. Si*, 343 F.3d 1116, 1125 (9th Cir. 2003) (citation, alteration, and internal quotation marks omitted). In this case, the government presented ample evidence from which the jury could have concluded that the police did not induce Diaz to commit the crime and that Diaz was predisposed to commit the crime. *See United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). As to lack of inducement, there was substantial evidence that the officers merely presented the opportunity to Diaz, and Diaz thereafter became a willing and eager participant. Similarly, with respect to predisposition, Diaz's statements to officers that he had previously engaged in similar criminal activity, his use of drug dealing slang, his statements that he had contacts who could dispose of large quantities of drugs, and his

2

persistence and enthusiasm regarding the proposed stash house robbery all show that the jury's verdict was supported by substantial evidence.

Diaz requested the district court to rule on sentencing entrapment as a matter of law and now requests the same of this court on appeal. The district court reserved a ruling on this issue until sentencing. We now know that sentencing entrapment is, in the appropriate case, an issue for the jury. *United States v. Cortes*, 732 F.3d 1078, 1088–91 (9th Cir. 2013). However, in the event we do not find sentencing entrapment as a matter of law, Diaz does *not* request the case to be remanded for retrial on the quantity issue. Because we do not believe the district court erred by declining to find sentencing entrapment as a matter of law, we decline to disturb the ultimate result. Finally, we note that the district court did reduce the quantity for which Diaz was held responsible from 1000 kg. or more, as found by the jury, to 100 kg. or more but less than 1000 kg. This reduction gave Diaz the benefit of a sentencing entrapment argument.

The judgment of the district court is **AFFIRMED.**